WILLIE JOHNSON v. THE STATE.

No. 19812.    Delivered June 1, 1938.

The opinion states the case.

*W. D. Hollars* and *Storey, Storey & Donaghey,* all of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of chickens; the punishment is confinement in the State Penitentiary for a term of one year.

Appellant's only contention is that the evidence is insufficient to sustain his conviction. We are inclined to agree with him.

The testimony shows that on or about the 11th day of December, 1937, appellant sold some White Leghorn chickens to S. D. Patterson; that Patterson purchased five different bunches of chickens from the appellant over a period of about a month. Mr. J. T. Wayland testified that about the 11th of December he reported to the officers that he had lost some chickens. That he did not find the chickens at Mrs. Patterson's; that he filed a complaint against the appellant, charging him with the theft of the chickens. He further testified:
"The chickens belonged to my wife. She owned everything. I never did have anything in my life. After the complaint was made, I went back home and my wife said she had given the boy [appellant] some chickens during the summer months; that she had given him these chickens for work which he had done around the place."

Mrs. J. T. Wayland testified that the appellant was her brother; that he lived with them during the month of December.

"My brother sold some chickens and those were mine. I gave him permission to sell the chickens. I gave him about four dozen in August for some work which he did and I told him he could sell them when he wanted to. He brought part of them to town in our car. He did not take these chickens at night. He went and got them in the daytime and brought them to town. I was there when he got the chickens along about the 11th of December."

The appellant did not testify or offer any testimony. It is obvious from the facts above recited that if Mr. and Mrs. Wayland owned the chickens, or even if Mr. Wayland alone owned them, but his wife gave appellant permission to sell them, he would not be guilty of theft, because the fraudulent intent, which is an essential element of theft, is altogether lacking. See Landin v. State, 10 Texas Crim. App. 63; Cox v. State, 28 Texas Crim. App. 92.

Having reached the conclusion that the evidence is insufficient to sustain a conviction for theft, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.